NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2551
_____

LESLIE SHAPIRO,
Appellant
v.

METROPOLITAN LIFE INSURANCE COMPANY;
THE AT&T DISABILITY INCOME PROGRAM WHICH
INCORPORATES THE TERMS OF THE AT&T LONG TERM
DISABILITY PLAN FOR MANAGEMENT EMPLOYEES,
f/k/a THE SBC DISABILITY INCOME PLAN;
NETWORK MEDICAL REVIEW COMPANY, LTD. d/b/a NRM;
R. KEVIN SMITH, D.O.
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-08-cv-06204)
District Judge: Honorable Joel A. Pisano
_____

Submitted Under Third Circuit LAR 34.1(a)
May 27, 2011

Before: McKEE, Chief Judge, SCIRICA and RENDELL, Circuit Judges

(Opinion Filed: June 7, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

The Appellant, Leslie Shapiro, challenges the dismissal of his claim against Metropolitan Life Insurance Company, et al ("Appellees"), for improperly offsetting his disability benefits with the proceeds he receives from his pension fund. The dismissal was pursuant to District Court's grant of the Appellees' motion for summary judgment. Shapiro claims that the District Court erred in concluding that the language of the disability plan ("Plan") unambiguously entitled the Plan to offset Shapiro's disability benefits with his pension proceeds. Additionally, Shapiro claims that the District Court erred in its alternative reasoning, that even if the language of the Plan was ambiguous, the claim administrator's interpretation of the language, authorized by the Plan, was not arbitrary and capricious. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. As the District Court dismissed this case on summary judgment, our standard of review is plenary. *McLeod v. Hartford Life*, 372 F.3d 618, 623 (3d Cir. 2004). We agree with the District Court that the language of the Plan unambiguously requires the offset, or in the alternative, it was reasonable for the claim administrator to reach that conclusion. Accordingly, we will affirm.

The first step in the inquiry as to whether language of the Plan requires the offset of Shapiro's benefits is to determine whether the language of the Plan is ambiguous. *Bill Gray Enters. V. Gnourley*, 248 F.3d 206, 218 (3d Cir. 2001). Terms are ambiguous when reasonable alternative interpretations exist. *Id.* If unambiguous, then the inquiry is complete; however, if the terms are found to be ambiguous and the Plan gives the claim administrator the authority to interpret the Plan, we must then determine whether the

2

interpretation of the administrator is reasonable. *Id.* We review the claim administrator's interpretation under an "arbitrary and capricious" standard, which requires that we will only overturn the decision if it is "clearly not supported by the evidence in the record or the administrator has failed to comply with procedures required by the plan." *Vitale v. Latrobe Area Hosp.*, 420 F.3d 278, 281-82 (3d Cir. 2005).

In a thoroughly reasoned opinion, the District Court found that the plain language of the Plan, in context, was not ambiguous, and "clearly states that when a participant receives his pension benefits during the same period where [disability] benefits are distributed that an offset is required." A-11. The District Court reasoned that "Shapiro has been and will continue to receive his monthly reinstated [disability] benefits while also receiving his pension annuity making the offset applicable." *Id.* Additionally, the District Court found that, even if it erred in finding the language unambiguous, the claim administrator had the authority to interpret the language and its interpretation was not "arbitrary and capricious," as it was in accordance with an express provision of the Plan, and therefore, was supported by evidence in the record and is clearly reasonable. We have no basis for disturbing the District Court's findings, and, accordingly, we will affirm.